IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEMARIE DIAN REEDY,<br><br>            Plaintiff,<br><br>vs.<br><br>MICHELLE A. KING, Acting Commissioner of Social Security Administration,<br><br>            Defendant. | 4:24CV3099<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's, Demarie Reedy's, Motion for an Order Reversing the Decision of the Commissioner, Filing No. 15, and Defendant's, Commissioner of the Social Security Administration's ("Commissioner's"), Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(G), Filing No. 17. Reedy appeals the Commissioner's final decision to deny her application for Social Security Disability ("Disability") for the period between February 18, 2018, and September 9, 2020. For the reasons stated herein, the Commissioner's decision is reversed and remanded for award of benefits.

I.      **BACKGROUND**

A. **Procedural History**

On February 19, 2019, Reedy initially filed an application for Title II Disability Insurance Benefits. Filing No. 9-5 at 2–9. In that application she alleged that she had rheumatoid arthritis, high blood pressure, fibromyalgia, tendonitis, inflammatory bowel disease, lung disorder (tuberculosis), trigeminal neuralgia, trochanter tendinitis, gout, and gastroesophageal reflux disease ("GERD"), all of which affected her ability to work. Filing No. 9-6 at 5. This application was initially denied on June 10, 2019, and was denied upon

1

reconsideration on December 11, 2019. Filing No. 9-3 at 19–20, 39–40. A telephonic administrative hearing was held before Administrative Law Judge ("ALJ") Marc Mates on August 14, 2020, who issued an unfavorable decision on September 9, 2020. Filing No. 9-2 at 19–39, 41–65. Plaintiff filed a subsequent claim for disability benefits on May 6, 2021, and the initial determination found her disabled as of September 10, 2020. Filing No. 10-2 at 5.

The Appeals Council denied Reedy's request for review of the period between February 18, 2018, and September 9, 2020, and Reedy appealed. Id. at 2–5. This Court granted Reedy's request for relief on July 29, 2022, holding that the ALJ improperly discounted the opinion of a psychiatric evaluation done by Linda Schmechel, PhD. Filing No. 10-3 at 19. The Court concluded that the ALJ should have considered Dr. Schmechel's "specialization" as a factor pursuant to 20 C.F.R. § 404.1520(c)(4) and remanded the case to the Commissioner for further review of Reedy's mental health and how those symptoms and her physical impairments affect her ability to work. Id. at 19–20. The Appeals Council vacated the September 9, 2020, decision and remanded the case for further proceedings consistent with this Court's order on October 25, 2022. Id. at 23. The Appeals Council specifically left the favorable determination on Reedy's subsequent claim untouched, instructing that the issue before the ALJ was limited to the period prior to September 10, 2020. Id.

On February 6, 2024, another hearing was held before ALJ Chris Yokus, and another unfavorable decision was issued on March 27, 2024. Filing No. 10-2 at 2. In this decision, the ALJ found that Reedy met the insured status requirements of the Social Security Act through December 31, 2023, and that she did not engage in substantial

2

gainful activity between February 18, 2018, to September 9, 2020. *Id.* at 8. The ALJ found that Reedy had the following severe impairments: osteoarthritis of her right foot, right hip femoral acetabular impingement, trigeminal neuralgia, hypertension, and depressive disorder. *Id.* The ALJ determined that none of these impairments equaled the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 9. The ALJ then determined that Reedy had the capacity to perform sedentary work as defined by 20 C.F.R. 404.1567(a), with specific limitations.

> [S]he could perform work that did not require use of foot controls with her right lower extremity or any climbing of ladders, ropes or scaffolds. The claimant could occasionally climb ramps and stairs, balance, kneel, stoop, crouch, and crawl. She could have no concentrated exposure to temperature extremes, humidity, loud noise, vibration, pulmonary irritants, and hazards such as unprotected heights and uneven work surfaces. The claimant was able to understand, follow, and complete simple, routine, and repetitive tasks and instructions outside of a fast-paced environment. She was able to sustain attention toward such tasks for 2-hour segments. The claimant was able to interact with coworkers, supervisors, and the public on an occasional basis and to respond to occasional changes in a routine work setting.

*Id.* at 11. The ALJ found that Reedy was unable to perform any past relevant work, and then relied on a vocational expert's testimony to conclude that she could perform the sedentary jobs of addressor, document preparer, and eyeglass frames polisher. *Id.* at 16, 18. The ALJ concluded that these jobs existed in significant numbers in the national economy, thus Reedy was not disabled between February 18, 2018, and September 9, 2020. *Id.* at 18. This decision became the agency's final decision, and Reedy filed this action to obtain review pursuant to 42 U.S.C. § 405(g). Filing No. 1 at 1. Reedy filed a Motion for an Order Reversing the Commissioner's Decision, Filing No. 15, and the Commissioner filed a Motion to Remand Pursuant to Sentence Four of 42 U.S.C. §

405(g). Filing No. 17. Reedy responded to the Commissioner's motion objecting to a remand for further proceedings. Filing No. 19.

### B. ALJ Hearing Testimony

During the most recent hearing on February 6, 2024, Reedy testified that she was unable to work since 2018. Filing No. 10-2 at 37. She stated that she had to resign because her arthritis made it unbearable to work. *Id.* at 38. She described having arthritis in her hands, wrists, elbows, neck, back, hips, knees, ankles, and toes. *Id.* She described a constant need to shift positions, stating that that she was unable to sit for more than twenty minutes before needing to stand, and was only able to stand for twenty minutes before needing to sit. *Id.* at 39. She testified that walking around did not help her pain because her hip impingement would cause her hip to pop and her foot to burn. *Id.* at 40. She underwent reconstructive surgery for her right foot in 2016, but further surgery had not yet been performed. *Id.* at 42. She stated that she needed further foot surgery, knee surgery, and shoulder surgery. *Id.*

Reedy testified about her facial pain caused by trigeminal neuralgia. *Id.* at 40. She discussed how she went undiagnosed for three weeks and was finally diagnosed with this condition on February 8, 2017. *Id.* She described the pain coming in flares and that it could be triggered by actions as simple as talking or chewing too much. *Id.* She said the pain drops her to her knees. *Id.* She estimated that these flare ups occur at least twice a week. *Id.* at 44. She testified that she did not see a therapist for her mental health, but her primary physician prescribed medication to treat her depression. *Id.* at 41. She testified about her high blood pressure, COPD, migraines, and irritable bowel syndrome. *Id.* at 45.

A vocational expert ("VE") testified at this hearing, and when asked to assume a hypothetical individual with the limitations the ALJ adopted, the VE ruled out any of Reedy's past work. *Id.* at 53. When asked if there were any jobs in the national economy available to such a person, the VE stated, "I don't believe so." *Id.* The ALJ asked about the specific job of addresser, DOT 209.587-010, and the VE responded that there are only 2,000 jobs in the national economy. *Id.* at 54. The ALJ then asked about the job of document preparer, DOT 249.587-018, and the VE testified that that job has changed since the DOT was published. *Id.* When asked about the job of polisher of eye frames, DOT 713.684-038, the VE stated that there are 1,300 jobs in the national economy. *Id.* at 56. On cross examination by Reedy's counsel, the VE testified that if this hypothetical person were to miss more than three days per month, there would be no available jobs. *Id.* at 58–59.

**C. Medical Evidence**

   *1. Physical Limitations*

On December 17, 2018, Reedy was diagnosed with malunion of bone after osteotomy, hallux varus (acquired) in her right foot, and metatarsalgia of the right foot. Filing No. 10-1 at 96. On May 31, 2019, Reedy was diagnosed with cam-type morphology of femoroacetabular impingement and flattening along the anterior femoral head-neck junction with mild sclerosis. *Id.* at 417. On June 15, 2019, Reedy had a past medical history of dyslipidemia, fibromyalgia, GERD, migraines, and hypertension and she presented with reduced range of motion and tenderness along the medial and lateral joint lines and the patellar tendon. *Id.* at 403, 405. On June 17, 2019, Reedy was diagnosed with a possible minimal right joint effusion. *Id.* at 417. On July 5, 2020, Reedy was

5

diagnosed with trigeminal neuralgia. Filing No. 11-2 at 9. On May 30, 2019, Reedy was again diagnosed with arthritis with poor prognosis, right hip pain, trigeminal neuralgia, IBS, and gout. Filing No. 10-1 at 339. On July 6, 2020, Reedy was prescribed Oxycodone 6mg every six hours for her pain. Filing No. 11-2 at 92.

2. *Mental Limitations*

On May 8, 2019, Reedy was evaluated by Dr. Schmechel, at the agency's request. Filing No. 10-1 at 328. Dr. Schmechel reported lax grooming and hygiene, and noted that Reedy was wearing thong shoes in cold weather due to ankle pain. *Id.* Dr. Schmechel noted that Reedy is very discouraged and disillusioned due to her lack of stamina and energy, and Reedy described a lack of enthusiasm for activities that previously gave her enjoyment. *Id.* Dr. Schmechel diagnosed Reedy with major depressive disorder (severe), per DSM 296.33, secondary to the pain and fatigue caused by her physical conditions. *Id.* at 330. Dr. Schmechel stated that while Reedy's cognition was intact, Reedy's memory for recent information was greatly reduced by her impaired attention problems. *Id.* Dr. Schmechel said that while Reedy retains the ability to understand instructions, she lacks the stamina to carry them out. *Id.* Dr. Schmechel said that reed would require redirection to task after about 8–10 minutes. *Id.*

II.   **STANDARD OF REVIEW**

This Court reviews the Commissioner's denial of benefits by determining whether the decision complies with relevant legal requirements or is supported by substantial evidence in the record. *Halverson v. Asrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). Legal error can be an error of procedure, use of erroneous legal standards, or incorrect application of the law. *Collins*

6

*v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011) (citations omitted).  When a decision does not comply with legal requirement or is not supported by substantial evidence in the record, a court may enter a judgment affirming, modifying, or reversing the decision, with or without remanding.  42 U.S.C. § 405(g).

### III.   DISCUSSION

Reedy argues the Court should reverse and remand for an immediate award of benefits because the ALJ has twice ignored the Court's orders to properly assess the evidence.  The Commissioner agrees the case needs to be remanded but argues it should be for further proceedings not an award of benefits.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Administration has promulgated a five-step process to determine whether a claimant is disabled, which includes analysis of the claimant's current work activity; the severity of the claimant's impairments; the claimant's residual functional capacity ("RFC"); and his or her age, education, and work experience.  20 C.F.R. § 404.1520(a)(4).

A claimant's RFC is the most that he or she can do despite the limitations caused by physical or mental impairments.  20 C.F.R. § 404.1545.  The ALJ is required to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations.  *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015).  The ALJ's

7

assessment must (1) give appropriate consideration to all of the claimant's impairments and (2) be based on competent medical evidence establishing the physical and mental activity that the claimant can perform in a work setting. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

The ALJ is not required to grant any controlling weight to any medical opinion, including a treating, examining, or consulting physician. 20 C.F.R. § 404.1520c. Rather the ALJ must evaluate medical opinions according to (1) supportability; (2) consistency; (3) relationship with the claimant, which includes (i) length of the treatment relations, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors. *Id.* Supportability and consistency are the most important factors in this analysis, and therefore the ALJ is required to explain why she finds a medical opinion to be persuasive or not. *Dornbach v. Saul,* No. 4:20-CV-36 RLW, 2021 WL 1123573, at *3 (E.D. Mo. 2021). Therefore, when an ALJ discounts an opinion, he should give good reasons for doing so. *Yates v. Kijakazi*, No. 8:23-CV-5, 2023 WL 5509066, at *7 (D. Neb. Aug. 25, 2023) (citing *Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007)).

Here, the ALJ declined to adopt Dr. Schmechel's assessment that Reedy would need to be redirected to task after eight to ten minutes or that her ability to sustain attention/persistent/pace is markedly impaired. This was an error, as the ALJ failed to adhere to this Court's previous remand order. In that order, this Court held that the ALJ improperly discounted the psychiatric evaluation of Dr. Schmechel. Dr. Schmechel was the only psychiatric source to evaluate Reedy so this Court determined that the first ALJ should have considered her "specialization" when evaluating her opinion evidence. 20

C.F.R. § 404.1520c(c)(4). The Court remanded the case for further review of her mental health and how it, in conjunction with her physical impairments, affects her ability to work.

On remand, the ALJ again failed to consider Dr. Schmechel's specialization. The ALJ "found her opinion unpersuasive," because Reedy was described in other medical examinations as having intact cognition and speech. However, the ALJ did not reference Dr. Schmechel's specialization in his opinion and disregarded that Dr. Schmechel supported her assessment by noting various clinical observations, such as having dull, expressionless eyes, pallid skin, and being unable to track new incoming information. The ALJ stated, "It is not clear how the opinion was reached that the claimant would require redirection to task . . .." Filing No. 10-2 at 16. This does not provide an accurate reasoning to explain the ALJ's rejection of Dr. Schmechel's opinion; rather, he discounted and second-guessed the opinion of the medical professional chosen by the agency to evaluate the Plaintiff. The ALJ failed to consider Dr. Schmechel's specialization and succumbed to the temptation to play doctor, a practice forbidden by law. *See Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009).

The Commissioner agrees that an order remanding this case is appropriate but contends that the remand should be for further administrative proceedings. Filing No. 18 at 2. He argues that remand for benefits only occurs in the rare exception when the record overwhelmingly supports disability. *Id.* at 3 (citing *Buckner v. Apfel,* 213 F.3d 1006, 1011 (8th Cir. 2000)). He claims "Plaintiff's case is not a rare exception as the Commissioner asserts that remand for an ALJ to reevaluate the consultative examiner's opinion and to reevaluate the step five determination is the appropriate relief." *Id.* The Commissioner

9

makes this argument despite the agency already having this opportunity after this Court originally remanded for reconsideration.

Where remand for reconsideration would merely delay receipt of benefits, remand for aware of benefits is appropriate. *Francis v. Kijakazi*, No. 8:22-CV-169, 2023 WL 2743588, at *4 (D. Neb. Mar. 31, 2023). In *Francis*, the ALJ improperly rejected two medical opinions, which ultimately caused the vocational testimony to lack well-supported restrictions authored by those medical opinions. *Id.* at *2. Here, the ALJ rejected Dr. Schmechel's opinion that Reedy would need to be redirected to task every eight to ten minutes and ignored the vocational expert's testimony that if a hypothetical person were to miss more than three days of work per month, there would be no available jobs. This caused the vocational testimony to fail to account for Reedy's well-supported restrictions. "A condition that does not allow a person to work on a regular basis precludes substantial gainful activity." *Dix v. Sullivan*, 900 F.2d 135, 138 (8th Cir. 1990). Reedy's redirection to task requirement precluded her from keeping a job, as it kept her from being able to work on a regular basis. Thus, remand for an outright award of benefits is warranted in this case.

## IV.   CONCLUSION

In sum, Reedy's residual functional capacity does not enable her to work in the national economy, and the record overwhelmingly supports such a determination. Therefore, Reedy was disabled during the period between February 18, 2018, and September 9, 2020.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's Motion for an Order Reversing the Commissioner's Decision, Filing No. 15, is granted;

2. Defendant's Motion to Remand, Filing No. 17, is granted in part and denied in part; and

3. The decision of the Commissioner denying benefits, Filing No. 10-2 at 2, is reversed and remanded for an award of benefits to Reedy.

4. The Plaintiff shall file a motion for attorney fees, if she so desires, within 30 days of the date of this Memorandum and Order.

5. A separate judgment will be filed in conjunction with this Memorandum and Order.

Dated this 15th day of April, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge